IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-86-D

| | |
|---|---|
| MICHAEL SHEPPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ERNIE COLEMAN, et al., ) | |
| ) | |
| Defendants. ) | |

On June 25, 2019, Michael Sheppard ("Sheppard" or "plaintiff"), proceeding pro se and in forma pauperis, filed a complaint against the Beaufort County Sheriff's Office ("BCSO") alleging claims under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, et seq. [D.E. 5, 6]. On July 25, 2019, Sheppard filed a corrected complaint that added Ernie Coleman ("Coleman"), Charlie Rose ("Rose"), Kelly Cox ("Cox"), and William Ragland ("Ragland"; collectively, "defendants") as defendants [D.E. 15]. On August 2, 2019, Sheppard through counsel amended his corrected complaint and added claims under 42 U.S.C. §§ 1981 and 1983 [D.E. 18].

On August 12, 2019, BCSO moved to dismiss the corrected complaint for failure to state a claim upon which relief can be granted [D.E. 19] and filed a memorandum in support [D.E. 20]. On August 22, 2019, Cox, Ragland, and Rose also moved to dismiss the corrected complaint for failure to state a claim upon which relief can be granted [D.E. 27] and filed a memorandum in support [D.E. 28]. On the same date, Coleman answered the corrected complaint [D.E. 29]. Sheppard did not respond to the motions to dismiss. As explained below, the court grants Sheppard leave to amend his corrected complaint, grants Cox, Ragland, and Rose's motion to

dismiss, dismisses Ragland and BCSO from this action, and denies as moot BCSO's motion to dismiss.

I.

In March 2007, Sheppard completed basic law enforcement training at Beaufort County Community College. See Am. Compl. [D.E. 18] ¶ 7. On May 1, 2007, Sheppard joined BCSO as a road deputy. See id. ¶ 8. In that role, Sheppard primarily served court documents, executed warrants, responded to calls, and conducted traffic enforcement. See id. Coleman is the current sheriff of Beaufort County. See id. ¶ 4. BCSO employs Rose, Ragland, and Cox. Cf. id. ¶¶ 5, 9–10.

In November 2016, Sheppard saw Ragland point a loaded firearm at the head of a former deputy sheriff, Dominic Franks ("Franks"), for approximately fifteen seconds and use a racial slur to refer to Franks. See id. ¶¶ 1, 9. Franks is biracial. See id. ¶ 1. Franks feared that Ragland would shoot him. See id. ¶ 9. Several other deputies witnessed this episode. See id. Sheppard also alleges that he witnessed Ragland refer to Franks as "monkey boy" and "boy," and that Ragland would refer to Franks's hair as "rhino lining" because of its texture and color. See id. ¶ 10. Coleman also referred to Franks as "deeply psychotic." Id.

Sheppard alleges that he notified Ragland's supervisor, Cox, on numerous occasions about Ragland's behavior. See id. ¶ 11. Although Cox assured Sheppard that he would inform his supervisor Rose about Ragland's behavior, Ragland's behavior continued. See id. For example, Ragland told Sheppard that Franks's uncle had sued him for allegedly creating a hostile work environment, and Ragland continued to use racial slurs to refer to Franks and his uncle. See id. ¶¶ 12–13.

On February 8, 2017, Coleman informed Sheppard that he would terminate Franks because he believed Franks to be "psychotic" as a consequence of too much "trigger time" during the war. Id. ¶ 14. During this conversation, Sheppard told Coleman that he believed Franks had been subjected to a hostile and racist work environment. See id. Coleman terminated Franks soon after this conversation. Cf. id. ¶ 15.

On February 10, 2017, Sheppard arrived at BCSO around 6 p.m. See id. He noticed that Coleman and Rose's vehicles were in the parking lot, which he found abnormal given the time and day. See id. Sheppard began to record video on his cell phone. See id. When Sheppard entered the building, Coleman and Rose escorted him into Rose's office. See id. ¶ 16. Coleman told Sheppard that he was aware of the complaints concerning Franks and Ragland and that Sheppard's statements on February 8, 2017, had "stuck with him." Id. Coleman also asked Sheppard why he continued to work at BCSO if he thought that the BCSO command staff were racists. See id. Sheppard responded that he did not think that BCSO command staff were racists. See id. Coleman then wished Sheppard good luck and left. See id. Sheppard resigned in lieu of termination. See id. Sheppard video recorded the entire encounter on his cell phone. See id.

In count one, Sheppard alleges that BCSO and Coleman in his official capacity retaliated against him under Title VII because Sheppard reported Ragland's behavior towards Franks. See id. ¶¶ 18–19. In count two, Shepard alleges that Coleman, Cox, and Rose retaliated against him in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1981. See id. ¶¶ 20–21.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566

3

U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, plaintiffs' allegations must "nudge[] their claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

As for Sheppard's Title VII claim against BCSO, Sheppard voluntarily dismissed his claim against BCSO in the amended complaint.[1] Thus, the court denies as moot BCSO's motion to dismiss. Alternatively, Sheppard's Title VII claim against BCSO fails because BCSO is not a legal entity capable of being sued. See, e.g., Williams v. Melochick, No. 5:18-CV-254-H, 2018 WL 8130558, at *2 (E.D.N.C. Dec. 5, 2018) (unpublished), memorandum and recommendation adopted, 2019 WL 1867930 (E.D.N.C. Apr. 25, 2019) (unpublished); Jilani v. Harrison, No. 5:15-CT-3271-FL, 2018 WL 1545584, at *10 (E.D.N.C. Mar. 29, 2018) (unpublished), aff'd, 732 F. App'x 208 (4th Cir. 2018) (per curiam) (unpublished); Sullivan v. N. C., No. 7:11-CV-238-D,

---

[1] The court grants Sheppard leave to amend his corrected complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure.

4

2012 WL 3762445, at *4 (E.D.N.C. Aug. 29, 2012) (unpublished); Cooper v. Brunswick Cty. Sheriff's Dep't, No. 7:10-CV-14-D, 2011 WL 738610, at *4–5 (E.D.N.C. Feb. 7, 2011) (unpublished), memorandum and recommendation adopted, 2011 WL 736670 (E.D.N.C. Feb. 23, 2011) (unpublished); Hill v. Robeson Cty., N.C., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010); Parker v. Bladen Cty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008). Thus, the court dismisses BCSO from this action.

As for Sheppard's Title VII claims against Cox, Rose, and Ragland in their individual capacities, Sheppard appears to have abandoned the claims in his amended complaint. See Am. Compl. ¶¶ 18–19 (naming BCSO and Coleman as the only defendants to Sheppard's Title VII claims). Alternatively, "supervisors are not liable in their individual capacities for Title VII violations." Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998); see Abeles v. Metro. Wash. Airports Auth., 676 F. App'x 170, 176–77 (4th Cir. 2017) (per curiam) (unpublished); Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 307–08 (4th Cir. 2016) (per curiam) (unpublished); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999); Amos v. Welles, No. 4:18-CV-28-D, 2018 WL 5305537, at *1 (E.D.N.C. Oct. 25, 2018) (unpublished) (collecting cases); Brown v. Wake Cty. Gov't, No. 5:16-CV-806-D, 2017 WL 2982971, at *3 (E.D.N.C. July 12, 2017) (unpublished); Huckelba v. Deering, No. 5:16-CV-247-D, 2016 WL 6082032, at *4 (E.D.N.C. Oct. 17, 2016) (unpublished). Thus, the court grants Cox, Rose, and Ragland's motion to dismiss for failure to state a claim.

As for Sheppard's section 1981 and 1983 claims in Sheppard's amended complaint, defendants did not move to dismiss those claims under Rule 12(b)(6). See [D.E. 19]; [D.E. 27]. Because the court grants leave to Sheppard to amend his complaint under Rule 15(a)(2), the amended complaint is the operative complaint in this action. Thus, the court permits defendants

to plead in response to the amended complaint, including Sheppard's section 1981 and 1983 claims. See Am. Compl. [D.E. 18] ¶¶ 20–21; cf. Fed. R. Civ. P. 15(a)(3).[2] The response is due not later than October 21, 2019.

III.

In sum, the court GRANTS Sheppard leave to file an amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure [D.E. 18], GRANTS Cox, Ragland, and Rose's motion to dismiss Sheppard's Title VII claims for failure to state a claim [D.E. 27], DISMISSES Ragland and BCSO from this action, and DENIES AS MOOT BCSO's motion to dismiss [D.E. 19]. Coleman, Cox, and Rose may plead in response to the amended complaint not later than October 21, 2019. The clerk shall continue management of the case.

SO ORDERED. This 7 day of October 2019.

JAMES C. DEVER III
United States District Judge

---

[2] Sheppard does not name Ragland as a defendant to any claim in his amended complaint. See Am. Compl. ¶¶ 18–21. Thus, the court dismisses Ragland from this action.