IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-86-D

MICHAEL ROY SHEPPARD, )
)
Plaintiff, )
)
v. ) **ORDER**
)
SHERIFF ERNIE COLEMAN, )
)
Defendant. )

On February 10, 2017, Sheriff Ernest "Ernie" Coleman ("Sheriff Coleman" or "defendant") terminated Michael Sheppard's ("Sheppard" or "plaintiff") employment. On June 25, 2019, Sheppard, proceeding pro se and in forma pauperis, filed a complaint against the Beaufort County Sheriff's Office ("BCSO") alleging a retaliation claim under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, et seq. [D.E. 1, 5, 6]. Sheppard contends that Sheriff Coleman terminated his employment due to his February 8, 2017 complaint to Sheriff Coleman opposing race discrimination involving a biracial deputy named Dominic Franks ("Franks").

On August 2, 2020, Sheppard filed a second amended complaint [D.E. 41].[1] In count one, Sheppard asserts a retaliation claim under Title VII against Sheriff Coleman in his official capacity. See id. ¶¶ 19–20. In count two, Sheppard asserts a retaliation claim under 42 U.S.C. §§ 1983 and 1981 against Sheriff Coleman in his official capacity and individual capacity. See id. ¶¶ 21–22. In each count, Sheppard contends that Sheriff Coleman terminated his employment on February 10,

---

[1] Sheriff Coleman is the sole remaining defendant. The clerk shall amend the caption.

2017, in retaliation for Sheppard's February 8, 2017 complaint to Sheriff Coleman opposing race discrimination involving Franks. See id. ¶¶ 19–22.

On August 19, 2020, Sheppard moved for summary judgment [D.E. 43] and filed a statement of material facts in support [D.E. 43-1]. On October 29, 2020, Sheriff Coleman cross-moved for summary judgment [D.E. 52] and filed a memorandum [D.E. 56] and a statement of material facts in support [D.E. 53]. On November 19, 2020, Sheppard responded in opposition [D.E. 57, 57-1] and filed an additional statement of material facts [D.E. 57-1] and an appendix in support [D.E. 58]. On December 3, 2020, Sheriff Coleman replied to Sheppard's response to Sheriff Coleman's statement of material facts and to Sheppard's additional statement of material facts [D.E. 59], and filed an appendix in support [D.E. 60]. On the same day, Sheriff Coleman replied to Sheppard's response to Sheriff Coleman's motion for summary judgment [D.E. 61].

The court has reviewed the evidence, governing law, and cross-motions for summary judgment under the governing standard. See, e.g., Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011). Genuine issues of material fact exist on each of Sheppard's claims. Thus, the court denies each party's motion for summary judgment.

The court also denies Sheriff Coleman's motion for summary judgment on his qualified immunity defense concerning count two.[2] Sheriff Coleman contends that he is entitled to qualified immunity on count two because it allegedly was not clearly established on February 10, 2017, that Sheppard's February 8, 2017 statements to Sheriff Coleman constituted protected opposition activity.

---

[2] Qualified immunity does not apply to count one. See, e.g., Cutts v. Peed, 17 F. App'x 132, 136–37 (4th Cir. 2001) (per curiam) (unpublished) ("[T]here is no qualified immunity from liability under Title VII."); Genas v. N.Y. Dep't of Corr. Servs., 75 F.3d 825, 829 n.3 (2d Cir. 1996); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); Harvey v. Blake, 913 F.2d 226, 228 (5th Cir. 1990).

2

However, viewing the evidence in the light most favorable to Sheppard, genuine issues of material fact exist as to whether Sheriff Coleman is entitled to qualified immunity on count two. Cf. Butler v. Pennington, 803 F. App'x 694, 696 (4th Cir. 2020) (per curiam) (unpublished). A rational jury could find Sheppard's February 8, 2017 statements to Sheriff Coleman to be protected opposition activity under 42 U.S.C. §§ 1983 and 1981. See, e.g., CBOCS W., Inc. v. Humphries, 553 U.S. 442, 452–57 (2008); Okoli v. City of Baltimore, 648 F.3d 216, 223–25 (4th Cir. 2011). If the jury were to so find and to find the other elements of Sheppard's retaliation claim in count two, Sheriff Coleman would not be entitled to qualified immunity. See, e.g., CBOCS W., Inc., 553 U.S. at 452–57; Groh v. Ramirez, 540 U.S. 551, 563–65 (2004); Hope v. Pelzer, 536 U.S. 730, 739–46 (2002); Jett v. Dall. Indep. Sch. Dist., 491 U.S. 701, 731–38 (1989). The right to be free from retaliation under sections 1983 and 1981 for opposing race discrimination was clearly established on February 10, 2017. See, e.g., CBOCS W., Inc., 553 U.S. at 452–57; Jett, 491 U.S. at 731–38; accord Booker v. S.C. Dep't of Corr., 855 F.3d 533, 539–46 (4th Cir. 2017).

In sum, the court DENIES plaintiff's motion for summary judgment [D.E. 43] and DENIES defendant's motion for summary judgment [D.E. 52]. The parties shall engage in a court-hosted settlement conference with United States Magistrate Judge James E. Gates. If the case does not settle at the conference, the parties shall submit proposed trial dates.

SO ORDERED. This 24 day of March 2021.

JAMES C. DEVER III
United States District Judge